# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

DENA GLATZ,                            )
                                       )
           Plaintiff,                  )
                                       )
     v.                                )            Case No. 16-1152
                                       )
MARSHALL COUNTY SHERIFF OFFICE,        )
                                       )
           Defendant.                  )

# <u>O R D E R</u>

This matter is now before the Court on a Motion to Dismiss by Defendant, Marshall County Sheriff's Office.  For the reasons set forth below, the Motion to Dismiss [3] is GRANTED.

## FACTUAL BACKGROUND

In May 2014, Plaintiff, Dena Glatz ("Glatz"), was the mother of three and was nursing her one-year-old daughter.  At some point that month, Glatz was incarcerated in the Marshall County Sheriff's Office in Lacon, Illinois, for a period of 48 hours.  Unable to nurse her daughter, her breasts started to swell, causing sharp pain.  Glatz requested a breast pump from the Sheriff's personnel, but her request was denied.  No immediate medical attention was provided.  By the end of the 48 hours, Glatz was in extreme pain.  Upon her release, she sought medical attention and was diagnosed with Mastitis, an infection caused by the build up of stale breast milk.

Glatz brought this action against the Marshall County Sheriff's Office, alleging a violation of 42 U.S.C. § 1983, as well as a state law claim for intentional infliction of emotional distress.

Defendant has filed a Motion to Dismiss for failure to state a claim.  Glatz has failed to respond with the prescribed time and has sought no extension of time in which to do so.  This Order follows.

## DISCUSSION

Courts have traditionally held that a complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of her claim which would entitle her to relief.  *See* <u>Conley v. Gibson</u>, 355 U.S. 41 (1957); <u>Gould v. Artisoft, Inc.</u>, 1 F.3d 544, 548 (7th Cir. 1993).  Rather, a complaint should be construed broadly and liberally in conformity with the mandate in Federal Rules of Civil Procedure 8(f). More recently, the Supreme Court has phrased this standard as requiring a showing sufficient "to raise a right to relief beyond a speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1965 (2007).  Furthermore, the claim for relief must be "plausible on its face." <u>Id.</u>; <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1953 (2009).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff.  *See* <u>Albright v. Oliver</u>, 510 U.S. 266, 268 (1994); <u>Hishon v. King & Spalding</u>, 467 U.S. 69 (1984); <u>Lanigan v. Village of East Hazel Crest</u>, 110 F.3d 467 (7th Cir. 1997); <u>M.C.M. Partners, Inc. V. Andrews-Bartlett & Assoc., Inc.</u>, 62 F.3d 967, 969 (7th Cir. 1995); <u>Early v. Bankers Life & Cas. Co.</u>, 959 F.2d 75 (7th Cir. 1992).

Defendant first argues that the § 1983 claim asserted in Count I fails to state a claim against the Marshall County Sheriff's Office as it alleges nothing more than *respondeat superior* liability for the actions of its officers or jail personnel, who are unnamed.  If the Complaint alleges nothing more than vicarious liability against the City, a municipal entity, such claims are plainly prohibited under <u>Monell v. New York City Department of Social Services</u>, 436 U.S. 658, 98 S.Ct. 2018 (1978),

and its progeny.  A review of Count I reveals no sufficient basis for a claim of municipal liability against the Sheriff's Office, and by virtue of her failure to respond, Glatz has conceded that her claim is not viable.  The Motion to Dismiss is therefore granted.

This resolves the only federal claim asserted in the Complaint.  A district court may decline to exercise supplemental jurisdiction over pendent state law claims if the court has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3); Wright v. Associated Insurance Cos., Inc., 29 F.3d 1244, 1250 (7th Cir. 1994); Timm v. Mead Corp., 32 F.3d 273, 276-77 (7th Cir. 1994).  "[T]he general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits."  Kennedy v. Schoenberg, Fisher, and Newman, Ltd., 140 F.3d 716, 727 (7th Cir. 1998), citing Wright, 29 F.3d 1251; see also, Contreras v. Suncast Corp., 237 F.3d 756, 766 (7th Cir. 2001) (finding that the decision to relinquish pendent jurisdiction before the federal claims have been tried is the norm, rather than the exception.)

> While there are "unusual cases in which the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point to federal decision of the state-law claims on the merits," the district judge is given broad power in determining whether such circumstances apply and thus whether it is appropriate to retain jurisdiction over the state law claims.  "Pendent jurisdiction is a power which the district court, in the exercise of its sound discretion, may choose to grant; it is not a plaintiff's right."

Kennedy, 140 F.3d at 727-28 (internal citations omitted).

Here, discovery is by no means complete, and this matter has not yet reached the dispositive motion stage.  The state law claims are not yet ripe for decision.  Finally, Glatz makes no attempt to argue that the Court should retain jurisdiction over the state law claims.  Thus, the Court must

- 3 -

conclude that the interests of judicial economy, convenience, fairness, or comity weigh in favor of declining to exercise supplemental jurisdiction in this case, as this case now presents a textbook example of a situation in which "respect for the state's interest in applying its own law, along with the state court's greater expertise in applying state law," becomes a paramount concern.  Kennedy, 140 F.3d at 728.  Accordingly, the Court declines to exercise supplemental jurisdiction over the remaining state law claim.

## CONCLUSION

For the reasons set forth above, the Marshall County Sheriff's Office's Motion to Dismiss [3] is GRANTED, and Count I of the Complaint is DISMISSED.  All federal claims having been resolved, the Court declines to exercise supplemental jurisdiction over the remaining state law claim for Intentional Infliction of Emotional Distress, and this matter is remanded to the Circuit Court for Marshall County, Illinois.

ENTERED this 11th day of July, 2016.


s/ James E. Shadid
James E. Shadid
Chief United States District Judge

- 4 -